## Akers v. Commonwealth.

(Decided June 2, 1925.)

### Appeal from Floyd Circuit Court.

Intoxicating Liquors—Evidence of Selling Held Sufficient to Go to Jury and to Sustain Verdict.—Evidence of selling held sufficient to go to jury and to sustain verdict of guilty.

B. M. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellant, Ernest Akers, who was convicted of selling intoxicating liquor, insists that the evidence was not sufficient to take the case to the jury, or sustain the verdict. For the Commonwealth Rufus Wallace testified that within twelve months before he went before the grand jury he got a quart of moonshine from Ernest Akers and paid him $4.00 for it. At that time Darrel Stratton, Sam Conn and Charlie Ratcliff were with him. They went to a house on Mud creek and asked for Ernest Akers. A woman lit a lamp and then Akers came out. They then left and went to another house a short distance away. Akers was gone about twenty minutes and returned with the whiskey. The defendant looked like the same fellow. Darrel Stratton testified that when they reached the house they asked the man where they could get some liquor and he said he would go with them and help find some. The man answered to the name of Ernest Akers, but he could not say that the defendant was the same man. However, he looked about the same size.

On the other hand, appellant after saying that he did not sell the boys any liquor, testified as follows:

"Q. Did they come to your house in the night time in 1923, and call you out and you sold them liquor? A. Not that I know of.

"Q. If you had, wouldn't you have known it? A. I should have.

"Q. Did you sell them any liquor at any time? A. I did not."

On cross-examination he testified as follows:

"Q. Did you help them to get some liquor? A. I don't remember."

Appellant also said that there was another man named Ernest Akers, who lived on Tolers creek. The only other evidence for appellant was his affidavit for a continuance stating that Charlie Ratcliff, if present, would state that the defendant was not the man who sold the liquor.

The evidence shows that the witnesses for the Commonwealth went to a house and called for Ernest Akers. A man answering to that name went to another house, got the whiskey and was paid $4.00 for it. Wallace says that appellant looked like the same man. Stratton, though unable to identify appellant as the same man, says that he was about the same size. On the other hand, appellant's evidence is not direct, but evasive. Though he finally said that he did not sell the boys any liquor, yet when asked if he helped them to get some liquor, his answer was, "I don't remember." When the evidence for the Commonwealth is considered in connection with the evasive character of the evidence given by appellant, there can be no doubt that it was sufficient not only to take the case to the jury, but to sustain the verdict.

Judgment affirmed.